[No. 12440.  Department Two.  April 5, 1915.]

## MRS. M. L. REYNOLDS, *Respondent*, v. TOWN OF COSMOPOLIS *et al., Appellants.*[1]

MUNICIPAL CORPORATIONS — PUBLIC IMPROVEMENTS — INJUNCTION— REMEDY AT LAW.  The granting of a permanent injunction at the suit of a property owner against the letting of a contract for a public improvement was not warranted, where the property owner had an adequate remedy under the statutes (3 Rem. & Bal. Code, §§ 7892-21, 7892-22), giving a right to file an objection to the assessment roll, and, in the event of its overruling by the city authorities, granting the right of appeal to the superior and supreme courts.

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—ASSESSMENTS— LIMITATION.  The statutory provision that the estimated cost of a proposed improvement initiated by resolution shall not exceed fifty per cent of the valuation of the real estate exclusive of improvements thereon, being limited to cities of the first class (3 Rem. & Bal. Code, § 7892-12), is of no avail as to cities other than the first class.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered May 25, 1914, in favor of the plaintiff, in an action to enjoin the execution of a contract for a public improvement, tried to the court. Reversed.

*Stewart & Tucker* and *A. Emerson Cross*, for appellants.

*W. H. Abel* and *Karl R. Gilmer*, for respondent.

MAIN, J.—The purpose of this action was to secure a permanent injunction against the letting of a contract for a local improvement by the defendant town acting through its proper officers.  After a trial, a permanent injunction was granted.  The defendants appeal.

The facts are in substance as follows:  On March 25, 1914, the city council passed a resolution declaring its intention to improve "G" street, in the town of Cosmopolis, for a distance of six blocks.  This improvement would extend from the principal business street outward.  The pro-

[1]Reported in 147 Pac. 407.

posed improvement was to consist of a concrete roadway twenty feet wide, and concrete sidewalks.   Protests were filed against the proposed improvement by the owners of less than 50 per cent of the property within the proposed district.   On April 15, 1914, a hearing was had upon the protests.   On April 22, 1914, the council passed an ordinance providing for the improvement.   The aggregate assessed value of the real estate, exclusive of improvements, embraced within the proposed district, was $6,700.   This valuation represented 40 per cent of the actual value placed upon the property for the purposes of general taxation, the actual value being $16,-750.   The city engineer's estimate of the cost and expense of the proposed improvement was $20,643.   Upon opening the bids, it appeared that the entire cost of the improvement would be $15,535.30.   According to the resolution and the ordinance, the cost of the improvement was to be assessed against the abutting property according to the zone system, as provided for in the local improvement code, Laws of 1911, ch. 98, pp. 441, 446, § 13 (3 Rem. & Bal. Code, § 7892-13).

Upon the trial, certain property owners within the district testified that they did not desire the improvement.   Certain others testified that they were in favor of the improvement.   There are general expressions in the testimony that the property within the district will not be benefited by the improvement.   There are other general expressions that the property within the district will be benefited substantially by the improvement.   This action was brought by one of the property owners only, claiming, however, in the complaint, to bring it in behalf of all the other property owners similarly situated.   The evidence as to the specific value of the property and the specific amount of the benefits that would accrue to any particular tract of property by reason of the improvement was confined largely to three lots owned by the respondent.   These three lots, aside from the improvement, were of the approximate value of eight or nine hundred dollars.   The amount which these lots would be as-

sessed for the improvement was $522. The average cost of the improvement per lot of all the property within the district would be $133.92.

The respondent claimed that her property would not be benefited by the improvement, and that the action of the city council in ordering the improvement for the cost of which she would be assessed $522 was arbitrary. The trial court made no statutory findings of fact, but filed a memorandum decision in which it was stated that the value of the improvement to the respondent's property would be from $100 to $150; and concluded that, since the assessment would be a much larger sum than this, the council had acted in an arbitrary manner in ordering the improvement.

The controlling question in the case is: Assuming that the respondent's property would be assessed for more than it would be benefited by the improvement, should the injunction have been issued restraining the city council from proceeding with the improvement? The local improvement code provides a method by which objections to the assessment roll may be filed, and in the event they are overruled by the city council, a right of appeal to the superior court is given, and from the superior court to this court. We think the respondent had an adequate remedy under the statute, which gives the right to file objections to the assessment roll, and an appeal therefrom. If the respondent has rights which are being invaded by the amount of the proposed assessment upon her property, they can be fully and adequately protected by means of the appeal provided by the statute. It would seem reasonably plain that one property owner within a district, even though her property would be assessed for a sum greater than the benefits which it would receive, should not, for this reason, prevent the prosecution of the entire improvement.

Something is said in the briefs about the cost of the improvement being greater than fifty per cent of the assessed value of the real estate within the district. But the section

of the code which provides that the estimated cost of a proposed improvement when it is initiated by resolution shall not exceed fifty per cent of the valuation of the real estate exclusive of improvements thereon within the proposed improvement district according to the valuation last placed on it for the purpose of general taxation, is limited to cities of the first class. The town of Cosmopolis not being a city of the first class, does not come within this provision.

The judgment will be reversed.

MORRIS, C. J., ELLIS, FULLERTON, and CROW, JJ., concur.